UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CATALINO MENDEZ, et al.,

                            Plaintiffs,                          MEMORANDUM
                                                        AND ORDER

                -against-                                       16-CV-2746 (RPK)

MCSS REST. CORP., et al.,

                            Defendants.
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Opt-in plaintiff Nicolas Jimenez ("decedent") reportedly passed away on or about April 22, 2020 and plaintiffs' counsel filed a Suggestion of Death Upon the Record on September 14, 2020 (DE #98). Since that time, this Court has granted two requests filed by plaintiffs' counsel to extend the time within which to substitute a representative of decedent's estate pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. See Order (Dec. 15, 2020); Order (Mar. 17, 2021). The twice-extended deadline for substitution expired on June 15, 2021, without the filing of a substitution motion or a request for a further extension. In response to this Court's Order of July 21, 2021, for a status report, see Order (July 21, 2021), plaintiffs' counsel filed a letter in which he argues that legal representatives of deceased class members who are not class representatives or named plaintiffs need not move to substitute themselves as parties under Rule 25. See Status Report (July 26, 2021) at 2, DE #108 (citing, *inter alia*, Perry v. Beneficial Finance Co., 88 F.R.D. 221, 223 (W.D.N.Y. 1980)).

      Plaintiffs' counsel's argument proves too much. To be sure, as the Perry court observed, legal representatives of deceased absent class members need not move to substitute themselves as class members before the defendant's liability has been determined. See Perry, 88 F.R.D. at 223-24. Plaintiffs also rely on the opinion in Johnson v. Wave Comm Gr LLC, No. 6:10-CV-346

(DNH/ATB), 2013 WL 12137762 (N.D.N.Y. June 6, 2013), adopted, 2013 WL 12137763 (N.D.N.Y. July 1, 2013), which concluded that absent class members are not considered parties for certain purposes, but the court in Johnson expressly distinguished between absent class members versus opt-in plaintiffs in a FLSA action, who are akin to named plaintiffs, see id. at *3 (dismissing FLSA claims of opt-in plaintiff who failed to comply with his discovery obligations, "without prejudice to his future participation, to the extent the court deems appropriate, as a class member on [NYLL] state law claims if the Rule 23 class action[] remains certified"); Enriquez v. Cherry Hill Market Corp., No. CV2010-5616(FB)(MDG), 2012 WL 6641650, at *2-3 (E.D.N.Y. Oct. 22, 2012) (drawing the same distinction and dismissing FLSA claims of non-compliant opt-in plaintiffs but declining to preclude them from participating in a potential class action under the NYLL), adopted, 2012 WL 6626008 (E.D.N.Y. Dec. 20, 2012).  Accordingly, in Gordon v. Kaleida Health, No. 08-CV-378S(F), 2013 WL 2250431, at *6 (W.D.N.Y. May 21, 2013), the court dismissed the claims of two deceased opt-in plaintiffs where the deadline for filing Rule 25 substitution motions, or requests for extensions thereof, had expired.

Plaintiffs' counsel is directed to show cause, via ECF, by August 6, 2021, why the FLSA claims of deceased opt-in plaintiff Nicolas Jimenez should not be dismissed for the same reason.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 2, 2021

                                 /s/  *Roanne L. Mann*
                                 **ROANNE L. MANN**
                                 **UNITED STATES MAGISTRATE JUDGE**