**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CATALINO MENDEZ, EDUARDO CHOCOJ and ISRAEL RODRIGUEZ, Individually and on Behalf of All Others Similarly Situated,** **Plaintiffs,** **-against-** **MCSS REST. CORP., AL-KEN CORP. d/b/a CROSS BAY DINER, MIKO ENTERPRISES, LLC d/b/a PARKVIEW DINER, MICHAEL SIDERAKIS, CHRISTOS SIDERAKIS and KONSTANTINOS SIKLAS, Jointly and Severally,** **Defendants.** | **16 Civ. 2746 (RLM)** |

**DECLARATION OF BRENT E. PELTON IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

I, Brent E. Pelton, declare as follows:

1.      I am an attorney admitted before this Court.  I am a member of the firm of Pelton Graham LLC ("Pelton Graham") in New York, New York, Plaintiffs' counsel herein.  Pelton Graham is a New York City based law firm that devotes at least ninety percent (90%) of its practice to representing plaintiffs in individual, collective and class action litigation seeking to recover unpaid wages..

2.      I am one of the lawyers primarily responsible for the prosecution of Plaintiffs' claims against Defendants in the following action: *Catalino Mendez, et al. v. MCSS Rest. Corp., et al*, 16 Civ. 2746 (E.D.N.Y.) (RLM) (hereinafter referred to as the "Action").

3.    I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Notification to the Class and Collective**

4.    On April 4, 2022, the Court held a telephonic motion hearing regarding the parties's Motion for Preliminary Approval for a Class Settlement (Dkt. Nos. 118-120, the "Preliminary Approval Motion"), requesting supplementary materials primarily regarding the claim form distribution element of the Settlement Agreement. (Dkt. No. 122). After Plaintiffs' submission of these materials (Dkt. No. 124), the Court preliminarily approved the Parties' proposed settlement, approving the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") and authorizing the mailing of the Notice to the Class Members. (Dkt. No. 126 (the "Preliminary Approval Order"). The Settlement Agreement is attached hereto as **Exhibit A**.

5.    Pursuant to the Preliminary Approval Order, Class Counsel provided the Settlement Administrator, American Legal Claims Service LLC ("ALCS") with a list of 176 Opt-in Plaintiffs and Class Members, not including the three (3) Named Plaintiffs. (*See* Declaration of Snehal Indra ("Indra Decl."), attached hereto as **Exhibit B**, ¶ 3). The Class List provided to the Settlement Administrator, compiled from Defendants' § 216(b) collective action notification list and Plaintiffs' subsequent communications with additional individuals, contained names and addresses for 172 Class Members and Opt-in Plaintiffs. The Class List also contained one (1) duplicate entry and three (3) entries with names but no addresses. (*Id.*). Additionally, based on similarities between names, up to four (4) additional entries may represent duplicates as well. (*Id.*). Despite Class Counsel's repeated requests for updated class member contact information, no such was provided.

6.      In total, 179 individuals have been identified as eligible for participation in this settlement, comprised of 161 Class Members, fifteen (15) Opt-in Plaintiffs, and the three (3) Named Plaintiffs.

7.      On April 22, 2022, the Settlement Administrator mailed the Notice packages, including Claim Forms, to 172 Class Members and Opt-in Plaintiffs, plus one later-identified duplicate mailing. (Indra Decl. ¶ 4). Class Counsel subsequently provided ALCS with an address for an additional class member, and Class Notice was mailed to this individual shortly thereafter. (*Id.*) In total, 173 Class Notice packages were sent to Class Members and Opt-in Plaintiffs. (*Id.*) Of these, four (4) may be duplicates. (*Id.*) Class Notices was not mailed to the Named Plaintiffs, as these individuals were not required to return Claim Forms and had previously provided detailed employment information.

8.      If a Class Member's Notice was returned by the USPS as undeliverable without a forwarding address, the Settlement Administrator performed an advanced address search ("skip trace") on the address by submitting the Class Member's name and address to a nationally recognized location service. (Indra Decl. ¶¶ 2, 5). For any updated addresses received, the Settlement Administrator updated the Class Member database and, where an additional address was located, re-mailed the Notice packages. (*Id.* ¶ 5). A total of twenty (20) Class Notice packages were returned; of these, two (2) were re-mailed. (*Id.*) Class Counsel was contacted by numerous Class Members and received updated addresses for twelve (12) Class Members, to which ALCS re-sent Class Notice packages. (*Id.* ¶ 6). Zero (0) of the re-mailed Class Notice packages were returned. (*Id.*) Accordingly, as of July 21, 2022, a total of twenty-one (21) Class Notice packages were undeliverable because the Settlement Administrator was unable to locate a current address. (*Id.* ¶ 6).

9.    The Notices advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, how Class Members could participate in the Settlement, and how Class Members could obtain additional information regarding the case and settlement. (Indra Decl., Ex. A). The Notice package also included a Claim Form Class Members were required to return in order to participate in the Settlement. (Indra Decl. ¶ 7; Dkt. No. 120, Exs. C, D (Proposed Notice, Proposed Claim Form)).

10.   Per the Settlement Agreement, Opt-in and Named Plaintiffs were not required to return a Claim Form in order to receive a payment from the settlement. (Ex. A ¶¶ 1.4, 1.33, 2.13). There are a total of fifteen (15) Opt-in Plaintiffs, not counting Nicolas Jimenez, a former opt-in plaintiff who passed away and whose FLSA claims were dismissed (Dkt. Nos. 109, 110), who is currently counted only as a Class Member, and three (3) Named Plaintiffs.

**The Reaction of the Class to the Settlement Has Been Positive**

11.   After dissemination of the settlement Notice, Class Counsel received telephone calls from a number of Class Members and answered their questions about their claims and concerns about retaliation and discussed with the Settlement Administrator additional calls they had received.

12.   Class Counsel were told by many of these Class Members that they were pleased with the settlement.

13.   The response to the Notices has been overwhelmingly positive. The Settlement Administrator has received zero (0) requests for exclusion from the Settlement and zero (0) objections. (Indra Decl. ¶¶ 8, 9).

14.   The Settlement Agreement provided Class Members with ninety (90) days to return the Claim Form. (Ex. A ¶ 1.5). As of July 21, 2022, the Settlement Administrator received forty-

three (43) valid and timely Claim Forms from Class Members and certain Opt-in Plaintiffs. (Indra Decl. ¶ 7) In addition, per the Settlement Agreement, five (5) Opt-in Plaintiffs and the three (3) Named Plaintiffs who have not returned Claim Forms are entitled to receive a payment from the Settlement. (Ex. A ¶¶ 1.4, 1.33, 2.13). As such, as of this date, fifty-one (51) individuals are entitled to recovery from the Settlement out of 179 eligible individuals, for a participation rate of at least 28%; the rate may be slightly higher given that certain Class List entries may represent duplicates and not unique Class Members. As Claim Forms are deemed timely if they are postmarked by July 21, 2022, Class Counsel expects that additional timely Claim Forms may arrive within the next several days. Class Counsel proposes to provide the Court with a supplemental letter with an updated count of claim forms by August 3, 2022 if any further Claim Forms arrive..

15.    The date for Class Members to opt-out or object to the settlement was thirty (30) days after Notice is mailed to a given Class Member. (Ex. A ¶¶ 1.30, 2.9(A), 2.10(A)). As Notice was initially mailed to Class Members on April 22, 2022, the deadline to object or opt-out was May 22, 2022 for all Class Members for whom Notice was not returned or re-mailed. (Indra Decl. ¶¶ 8, 9). Zero (0) requests for exclusion and zero (0) objections were received, at that time or otherwise. (*Id.*).

**Contributions of the Named Plaintiffs**

16.    The Named Plaintiffs were integral in initiating this class action and made significant contributions to the prosecution of the litigation. The Named Plaintiffs as Class Representatives have no conflicts with the Class Members, no interests antagonistic to those of the Class, and have actively participated in the Action on behalf of their own claims and the claims of Class Members.

17.     The Named Plaintiffs' services began with bringing the case and initiating the filing of the federal and state claims that were eventually resolved in the Settlement and allowed for up to 179 current and former employees of Cross Bay Diner and Parkview Diner to recover unpaid wages.

18.     The Named Plaintiffs served the class by providing detailed factual information regarding their job duties and hours worked, and the job duties and hours worked of the class members, assisting with the preparation of the complaint, producing documents in support of their claims, relaying information to Class Members during the pendency of this case, participating in settlement negotiations and attending several lengthy mediation sessions, and assuming the burden associated with assisting with litigation throughout the six (6) years that this litigation has been pending.

19.     The Named Plaintiffs also took risks that the Class Members did not. They risked their professional reputation and potential workplace retaliation from Defendant and future employers by agreeing to initiate and join the action.

20.     Without the effort of the Named Plaintiffs, this case on behalf of the Class would not have been brought, and this settlement would not have been achieved.

**Continued Litigation Would be Complex, Expensive, Time-Consuming and Risky**

21.     Before initiation of this action and continuing throughout the litigation, Class Counsel interviewed the Named Plaintiffs to determine their hours worked and wages paid, the nature of their duties, and other relevant information and conducted research and investigation on the merits of Plaintiffs' claims, potential defenses, damages to which Plaintiffs would be entitled, and the propriety of proceeding as a collective and class action.

22.     The parties have undertaken significant document and deposition discovery, including the exchange of thousands of pages of time cards and payroll records, primarily from Cross Bay Diner for a portion of the class period. The parties deposed four (4) Opt-in Plaintiffs, two (2) Named Defendants, and an accountant for Defendants.

23.     The parties engaged in substantial motion briefing, including stipulating to a § 216(b) collective and fully briefing class certification and summary judgment motions.

24.     The parties have engaged in extensive informal and formal settlement length, which were at all times conducted at arm's length. The parties attended a settlement conference before the Court as well as two (2) private mediation sessions, the final of which resulted in a preliminary resolution. Class Counsel prepared several damages analyses using information gathered from the Named and Opt-in Plaintiffs and time and payroll records produced by Defendants. Class Counsel's most recent damages calculations were set forth in detail in Plaintiffs' Memorandum of Law in support of the Motion for Preliminary Approval of Class Settlement (the "Preliminary Approval Motion," Dkt. No. 119).

25.     Following the January 14, 2021 mediation before Ruth Raisfeld, Esq., the parties negotiated the final terms and language of the Settlement Agreement and ultimately executed the Settlement Agreement. The parties have not made any other agreements or settlements to resolve the claims of the Plaintiffs or Class in this Action, including agreements pertaining to attorneys' fee or other payments. All terms and provisions agreed to by the parties in connection with the settlement of this Action and of the Plaintiffs' and Class claims are set forth in the Settlement Agreement attached hereto.

26.     Although the parties have already undertaken time and expense in litigating and settling this matter, further litigation without settlement would necessarily result in additional

expense and delay, including potential de-certification motion practice, a complicated trial, and potential appeals.

27.     A trial on the merits would involve risks to Plaintiffs because of the fact-intensive nature of proving liability under the NYLL and the FLSA, and in light of the defenses available to Defendant, which would pose risk as to both liability and damages including certain time and payroll records produced as to employees who worked at Cross Bay during recent portions of the Class Period. Preparing and putting on evidence, including testimony by Defendants, Plaintiffs, numerous class members and potentially experts, on the complex factual and legal issues, as well as damages on a class basis, at such a trial would consume tremendous amounts of time and resources for both sides.

28.     Class Counsel also recognize the risk that Defendants would likely have difficulty in paying a significantly higher judgment, particularly given the bankruptcy of the Corporate Defendants and the sale of Parkview Diner several years ago.

29.     This settlement, on the other hand, makes monetary relief available to class members in a prompt and efficient manner.

**Class Counsel's Fees**

30.     During the past approximately six (6) years of litigating and settling this class action, Class Counsel's efforts have been without compensation.

31.     The Named and Opt-in Plaintiffs agreed to Class Counsel's fees of up to one-third (1/3) of the settlement fund and reimbursement for costs. The Named Plaintiffs specifically agreed in their retainer agreements that Class Counsel would recover up to one-third (1/3) of the gross settlement, or counsel's hourly rate, whichever was greater, plus litigation costs. The Notice of Settlement that was disseminated to the Class Members states that Class Counsel will seek

payment of one-third (1/3) of the settlement as attorneys' fees, plus reimbursement of actual litigation costs. Class Counsel shall receive attorneys' fees at the same time that settlement checks are mailed to Participating Class Members.

32.    I graduated from Northwestern School of Law at Lewis and Clark College and have over twenty (20) years of experience practicing within the Southern and Eastern districts of New York and the New York State court system, and significant experience litigating Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits, including serving as lead counsel on two (2) multi-plaintiff federal wage and hour jury trials. I am a member of the National Employment Lawyers Association ("NELA") and NELA's New York Chapter. I was nominated as a Super Lawyer – Rising Star for the New York Metro area in the practice area of Employment Litigation in 2013 and a Super Lawyer for the New York Metro area for each year since 2014. I am frequently contacted by the media and the press to discuss current employment law related issues, and I have been a panelist on several CLE seminars on the topic of employment litigation. I am also admitted to practice in the State of California.

33.    Taylor B. Graham is a partner with Pelton Graham and has been with the firm since May 2009. Mr. Graham received a J.D. from Fordham University School of Law in 2011, where he was an Irving R. Kaufman Scholarship recipient and earned the Archibald R. Murray Public Service Award. Mr. Graham was nominated as a Super Lawyer – Rising Star for the New York Metro Area in the area of Employment Litigation for every year since 2016 and is a member of NELA, NELA's New York Chapter, and the American Bar Association Labor and Employment Law Section. He has federal wage and hour multi-plaintiff trial and appellate experience. He is admitted to practice in the States of New York, New Jersey and California, and the Southern, Eastern, Western, and Northern Districts of New York. Mr. Graham's hourly billable rate is $350.

34.     Alison L. Mangiatordi is an associate with Pelton Graham who has been with the firm since May 2013. Ms. Mangiatordi received a J.D. from The George Washington University School of Law in 2011, where she earned the Ogden W. Fields Graduate Prize for Excellence in Labor Law and the Pro Bono Service Award. Ms. Mangiatordi is a member of NELA and NELA's New York Chapter. Ms. Mangiatordi was nominated as a Super Lawyer – Rising Star for every year since 2014 for the New York Metro Area in the practice area of Employment Litigation. Ms. Mangiatordi is admitted to practice in the state of New York and Southern and Eastern Districts of New York. Ms. Mangiatordi's hourly billable rate is $300.

35.     Joanne M. Albertsen is an associate with Pelton Graham who has worked for the firm since August 2013. Ms. Albertsen graduated from New York University School of Law in 2010 and is admitted to practice in the States of New York and Oregon and the Eastern and Southern Districts of New York. Ms. Albertsen clerked for two federal magistrate judges in New York after law school before joining Pelton Graham.  Ms. Albertsen has been nominated as Super Lawyer – Rising Star for the New York Metro Area in the area of Labor & Employment Law since 2017. Ms. Albertsen's billable rate is $300.

36.     Kristen Boysen is an associate with Pelton Graham who has worked for the firm since 2014. Ms. Boysen is a 2014 graduate of the University of Pennsylvania Law School. She is admitted to practice in the State of New York and the Southern and Eastern Districts of New York. Ms. Boysen has been nominated as a Super Lawyer – Rising Star for the New York Metro Area in the area of Labor & Employment Law since 2020. Ms. Boysen's billable rate is $275.

37.     Belinda Herazo is a bilingual paralegal with Pelton Graham who has worked for the firm since June 2013. Prior to coming to the United States, Ms. Herazo was a licensed attorney in the country of Colombia for ten (10) years and is still admitted to practice law in Colombia. Ms.

Herazo is a member of the New York Circle of Translators and is working toward her American Translators Association (ATA) certification. Ms. Herazo's billable rate is $175.

38.     Ms. Menjivar is a bilingual paralegal and 2019 graduate of Brooklyn Law School. Ms. Menjivar began working for the firm in 2019. Since 2012 Ms. Menjivar has worked as a legal intern, administrative assistant, paralegal, and migration counselor for a number of law firms and legal non-profits while pursuing her legal studies. Ms. Menjivar's billable rate is $175.

39.     Adriana Sandoval is a former bilingual paralegal with Pelton Graham who worked for the firm for over five (5) years. Ms. Sandoval graduated form CUNY City College of New York in 2014 with a bachelor's degree in Spanish Literature. Prior to working at Pelton Graham, Ms. Sandoval worked as a paralegal for approximately two (2) years. Ms. Sandoval's hourly billable rate was $125.00.

40.     Ricardo Castro is a former bilingual paralegal with Pelton Graham, who worked with the firm for approximately six (6) years. Mr. Castor's hourly billable rate was $125.00.

41.     Elisa Gomez[1] is a former bilingual paralegal with Pelton Graham. Ms. Gomez's hourly billable rate was $125.00.

42.     Pelton Graham routinely litigates against a number of the largest and best capitalized employment defense firms in the nation and relies on a small number of resolutions to continue to represent primarily low-income individuals in employment rights litigation.

43.     Based on Class Counsel's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm

---

[1] Due to an issue with Class Counsel's billing software, Ms. Gomez's entries are credited as "(Inactive) Padmini Dey."

11

conclusion that the proposed Settlement is clearly in the best interests of the Named Plaintiffs and the Class Members.

44.    Class Counsel has spent significant attorney time litigating and settling this case. We anticipate expending more hours after the date of this motion in appearing at the Fairness Hearing and administering the Settlement, given two rounds of settlement distribution.

45.    The hours reported are reasonable for a case of this complexity and magnitude and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in this case. A summary of Class Counsel's fees and the underlying billing records imported from billing software are attached hereto as **Exhibit C**.

46.    The litigation expenses reported are reasonable for a case of this complexity and magnitude and were necessary for the litigation of this matter. A summary of Class Counsel's expenses imported from billing software is attached hereto as **Exhibit D**.

47.    A summary of the Settlement Administrator's fees is set forth in the Declaration of Snehal Indra. (Indra Decl. ¶ 10). In order to ensure the best usage of the Settlement Fund, after receiving the estimate of ALCS for administration of this Settlement, Class Counsel also reached out to another settlement administrator, Settlement Services, Inc., to receive an estimate. That firm's estimated fee was approximately five thousand dollars ($5,000.00) higher than ALCS's estimate.

I declare under penalty of perjury, under 28 U.S.C.§1746, that the foregoing is true and correct.

Executed this 21st day of July, 2022.
New York, New York

            */s/ Brent E. Pelton*
            Brent E. Pelton

**PELTON GRAHAM LLC**
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800
Email: pelton@peltongraham.com